UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

               Plaintiff,

                               HONORABLE NANCY G. EDMUNDS

     v.

                               No. 18-CR-20351

D-4 VASAN DESHIKACHAR, DR.,

               Defendant.
_____/


PLEA HEARING

Detroit, Michigan - Tuesday, March 12, 2019


Appearances:

Brandy McMillion
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9756
On behalf of Plaintiff

Allison L. Kriger
La Rene & Kriger, P.L.C.
645 Griswold, Suite 171
Detroit, MI 48221
313-967-0100
On behalf of D-4


-   -   -


Suzanne Jacques, Official Court Reporter
email: jacques@transcriptorders.com

Plea Hearing
March 12, 2019

# I  N  D  E  X

–    –    –

| Proceeding | Page |
|---|---|
| Plea Hearing | 3 |
| Certificate of Court Reporter | 22 |

**–   –   –**

Court Exhibits

| Number | Received |
|---|---|
| 1, 2 and 3 | 3 |

Plea Hearing
March 12, 2019

1          Detroit, Michigan

2          Tuesday, March 12, 2019

3          11:17 a.m.

4                    -    -    -

5          THE CLERK:  Case number 18-20351, defendant

6   4, United States of America vs. Vasan Deshikachar --

7   Deshikachar.

8          THE COURT:  Deshikachar.

9          MS. McMILLION:  Good morning, Your Honor, Brandy

10  McMillion on behalf of the United States.

11         MS. KRIGER:  Good morning, Your Honor, Allison

12  Kriger on behalf of Dr. Deshikachar.

13         THE COURT:  Do I understand correctly that the

14  purpose of Dr. Deshikachar's appearance this morning is that

15  he wishes to enter a plea of guilty in this matter?

16         MS. KRIGER:  That's correct, Your Honor.

17         THE COURT:  I have the indictment, the

18  acknowledgment, the Rule 11 Plea Agreement, which I will

19  mark as Exhibits 1, 2 and 3, respectively, and enter as

20  exhibits on the record.

21         (Court Exhibits 1, 2 and 3 were admitted.)

22         THE COURT:  Ms. McMillion, would you please

23  inform the defendant of the charge to which he's entering a

24  plea of guilty by reading or summarizing the pertinent parts

25  of the indictment?

          Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1          MS. McMILLION:  Yes, Your Honor.

2          The defendant, Dr. Deshikachar, is entering a

3   plea of guilty to Count 1 of the indictment, which charges

4   him with conspiracy to possess with intent to distribute and

5   to distribute controlled substances, in violation of 21

6   U.S.C. Section 841(a)(1) and Section 846.  This conduct

7   occurred in January of 2015 through March of 2018.

8          The defendant, a doctor, issued prescriptions

9   outside of the course of professional medical practice to

10  co-conspirators who would fill those prescriptions at

11  co-conspirator defendants' pharmacies.

12         He is charged with and entering a plea today,

13  Your Honor, to schedule II controlled substances Oxycodone

14  HCl and Oxymorphone HCl, and the amount is 40,228 dosage

15  units of those schedule 2 controlled substances.

16         THE COURT:  Thank you.

17         Do you want to step forward, Ms. Kriger, with

18  the defendant, please?

19         Dr. Deshikachar, I'm going to ask you some

20  questions, so I need to swear you in.  Raise your right

21  hand, please.

22         Do you solemnly swear that the testimony you're

23  about to give in the matter here pending shall be the truth,

24  the whole truth and nothing but the truth, so help you God?

25         THE DEFENDANT:  I do, Your Honor.

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1          THE COURT:  Tell me your name, please.

2          THE DEFENDANT:  Vasan Deshikachar.

3          THE COURT:  I intend to question you regarding

4   the facts of the crime alleged in Count 1 of the indictment.

5   Do you understand that you have a constitutional right to

6   remain silent and not incriminate yourself by answering my

7   questions?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Do I understand correctly that you

10  wish to waive that right for the purpose of pleading guilty

11  to the charge in Count 1?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you understand that you are now

14  under oath, and if you answer any questions falsely, your

15  answers may later be used against you in another prosecution

16  for perjury or making false statements?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  How old are you?

19         THE DEFENDANT:  I am 52 years old.

20         THE COURT:  How far did you go in school?

21         THE DEFENDANT:  I went to medical school and

22  then post graduation.

23         THE COURT:  So you're a medical doctor?  You got

24  your medical degree in what country?

25         THE DEFENDANT:  I got my medical degree in

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1   India, and I did my residency, post graduation here in

2   Michigan.

3            THE COURT:  So you've been in Michigan a long

4   time?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  And clearly have no problem with the

7   English language, correct?

8            THE DEFENDANT:  No problem?

9            THE COURT:  With the English language.

10           THE DEFENDANT:  No, I don't, Your Honor.

11           THE COURT:  Have you ever been treated for any

12  mental illness or addiction to alcohol or narcotic drugs of

13  any kind?

14           THE DEFENDANT:  No, Your Honor.

15           THE COURT:  Are you presently under the

16  influence of any drugs, medication or alcohol?

17           THE DEFENDANT:  No, Your Honor.

18           THE COURT:  It does appear to me that

19  Dr. Deshikachar is competent to proceed in this matter.  Do

20  you concur, Ms. Kriger?

21           MS. KRIGER:  I concur.

22           THE COURT:  Ms. McMillion?

23           MS. McMILLION:  Yes, Your Honor.

24           THE COURT:  Dr. Deshikachar, do you understand

25  that you have the right to have an attorney represent you

Plea Hearing
March 12, 2019

1    during all stages of the proceedings, and the Court will

2    appoint an attorney for you if you cannot afford an attorney

3    of your own choice?

4                    THE DEFENDANT:  Yes, Your Honor.

5                    THE COURT:  You have your attorney, Ms. Kriger,

6    beside you in court today.  Have you discussed this matter

7    with her?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  And are you satisfied with her

10   advice and with the legal services she's performed on your

11   behalf?

12                   THE DEFENDANT:  Very much, Your Honor.

13                   THE COURT:  Do you understand that you have the

14   right to plead not guilty to every charge filed against you?

15                   THE DEFENDANT:  Yes, Your Honor.

16                   THE COURT:  Do you understand that if you were

17   to plead not guilty and go to trial that you would be

18   protected by a number of rights set forth in the

19   Constitution of the United States?

20                   THE DEFENDANT:  Yes, Your Honor.

21                   THE COURT:  I'm going to go over those rights

22   with you, and when I'm through I'm going to ask you if you

23   understand the constitutional rights you have and if you're

24   sure you want to waive them in order to plead guilty here

25   this morning, okay?

Plea Hearing
March 12, 2019

1        THE DEFENDANT:  Okay, Your Honor.

2        THE COURT:  You have the right to plead not

3   guilty.  You have right to a speedy and public trial by

4   jury.  You have the right to be presumed innocent unless and

5   until the government has proved you guilty beyond a

6   reasonable doubt by the unanimous agreement of all 12

7   members of the jury.

8            Because you are presumed innocent, you have no

9   obligation to present any testimony, evidence, or witnesses

10  on your own behalf.  It's always up to the government to

11  prove beyond a reasonable doubt that you are guilty.  You

12  have no responsibility to prove that you are innocent or not

13  guilty.

14           You have the right to see and hear all witnesses

15  called to testify against you and the right to cross examine

16  them.  You have the right to have the Court order any

17  witnesses you have for your defense to appear at the trial

18  at the expense of the government.  You have the right to

19  take the witness stand and testify, or not, as you choose,

20  and you cannot be required to testify if you do not wish to

21  do so.  If you choose not to testify, your silence may not

22  be used against you in any way.

23           Do you understand those rights?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  And is it your desire to waive them

Plea Hearing
March 12, 2019

1  in order to plead guilty?

2  THE DEFENDANT:  Yes, Your Honor.

3  THE COURT:  Do you understand that a plea of

4  guilty is the same on your criminal record as if you had

5  been found guilty after a full trial on this count?

6  THE DEFENDANT:  Yes, Your Honor.

7  THE COURT:  Do you understand that the offense

8  to which you are pleading guilty is a felony?

9  THE DEFENDANT:  Yes, Your Honor.

10  THE COURT:  Because you will have a felony

11  conviction on your record, not only will you be subject to

12  our criminal laws, but your civil rights will be affected,

13  as well.  Are you a citizen of the United States?

14  THE DEFENDANT:  Yes, Your Honor.

15  THE COURT:  Do you understand that while you are

16  in custody, you will not be permitted to vote?

17  THE DEFENDANT:  Yes, Your Honor.

18  THE COURT:  And do you understand that even

19  after you are released from custody, there are many

20  jurisdictions in which you still would not be able to vote,

21  serve on a jury or hold public office?

22  THE DEFENDANT:  Yes, Your Honor.

23  THE COURT:  Are you also aware that once you

24  have a felony conviction on your record, you are prohibited

25  for the rest of your life from owning a gun or firearm of

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1    any kind?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  And are you aware that to be a felon

4    in possession of a firearm is a separate criminal offense

5    for which you can be sentenced to significant additional

6    time in custody?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Because you are a United States

9    citizen and this offense does not relate to obtaining your

10   citizenship, I don't think there are any immigration

11   consequences, but are you aware of any, Ms. McMillion?

12             MS. McMILLION:  No, Your Honor, I don't believe

13   there are any.

14             THE COURT:  All right.

15             Has it been explained to you that under the

16   statute that covers the offense to which you are pleading

17   guilty, the maximum penalties are 20 years in custody, a

18   million dollar fine and at least three years of supervised

19   release?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Have you talked over with Ms. Kriger

22   the program called supervised release?  Do you know what

23   that is?

24             THE DEFENDANT:  We haven't specifically gone

25   over the details, but I know, I do know what supervised

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1   release is.

2           THE COURT:  Okay.  You know that after you are

3   released from custody you are still under the supervision of

4   the court and the probation department, and you must abide

5   by terms established by the court?

6           THE DEFENDANT:  Yes, okay, Your Honor.

7           THE COURT:  And that if you violate the terms of

8   your supervised release, you can be put back in custody for

9   a violation.

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  Are you on probation or parole in

12   any other matter right now?

13           THE DEFENDANT:  Not that I'm aware of.

14           THE COURT:  No?

15           MS. KRIGER:  No, he is not.

16           THE DEFENDANT:  No.

17           THE COURT:  And are you aware that parole has

18   been abolished in the federal system and that you will not

19   be released early on parole from the sentence that I impose?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  Have you received a copy of the

22   indictment pending against you?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Have you fully discussed the charges

25   with Ms. Kriger?

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1          THE DEFENDANT:  Yes.

2          THE COURT:  I'm now going to explain to you the

3   essential elements of the offense, that is, what the

4   government would be required to prove at trial.  I do this

5   to make certain you understand what the government would be

6   required to prove, and that you believe the government could

7   prove each element of the crimes charged beyond a reasonable

8   doubt, because in a minute or two I'm going to ask you what

9   you did that makes you believe you're guilty of this

10  offense, and if you don't think the government can prove

11  each element beyond a reasonable doubt, I don't want you to

12  make an incriminating statement in response to my question,

13  okay?

14          THE DEFENDANT:  Okay, Your Honor.

15          THE COURT:  You are charged in Count 1 with

16  conspiracy to possess with intent to distribute and to

17  distribute controlled substances.  So because this is a

18  conspiracy charge, the first element of what the government

19  has to prove is an agreement between you and at least one

20  other person.  It doesn't have to be a formal agreement, it

21  certainly doesn't have to be in writing or use any specific

22  words, but what the government must prove is that you had a

23  shared understanding or goal with another person to achieve

24  a certain criminal end.  In this case, the criminal end

25  alleged by the government is the possession and the

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1  possession with intent to distribute controlled substances,

2  and the distribution of controlled substances, that you

3  agreed with somebody else to ultimately distribute

4  controlled substances.  That's the conspiracy part of it.

5          And then the second part is that you knowingly

6  and voluntarily joined the conspiracy; that is, you didn't

7  just happen to be in the room when a couple of people were

8  talking about this.  You knew about it, and you

9  intentionally joined in the conspiracy, some part of it.

10          Third, the government must prove that the

11  controlled substances involved in the conspiracy included

12  but were not limited to the schedule II controlled

13  substances Oxycodone HCl and Oxymorphone HCl.

14          The government must also move that this happened

15  on or about the dates set forth in the indictment, which

16  were sometime between a time in 2015 through I believe March

17  of 2018 was the end date, and that some aspect of it

18  occurred here in the Eastern District of Michigan.

19              THE DEFENDANT:  Yes, Your Honor.

20              THE COURT:  Do you understand the elements?

21              THE DEFENDANT:  Yes.

22              THE COURT:  And how do you plead -- oh, I'm

23  sorry.  They also have to prove -- it's not out here, but I

24  know they have to prove that the intent, the goal was the

25  possession with the intent to distribute, that is, the

Plea Hearing
March 12, 2019

1   intent to pass it along to another person.  Distribution

2   doesn't require a sale, it just means the transfer from one

3   person to another.  So they have to prove that you didn't

4   really intend to take all of that Oxycodone and Oxymorphone

5   yourself.

6             THE DEFENDANT:  Yes.

7             THE COURT:  You intended it to be spread around

8   either by sale, or simply transfer to another person.

9             So you possessed it with intent to transfer it,

10  and that you in fact did transfer it or participate in some

11  aspect of the transfer from one person to another.

12            THE DEFENDANT:  Yes, Your Honor.

13            THE COURT:  Okay.  So how do you -- how do you

14  plead to the charge of conspiracy to possess with intent to

15  distribute and to distribute controlled substances?

16            THE DEFENDANT:  How do I --

17            THE COURT:  How do you plead?

18            THE DEFENDANT:  I plead guilty, Your Honor.

19            THE COURT:  Thank you.  And are you now pleading

20  guilty to the charge of conspiracy because you believe you

21  are guilty of that offense?

22            THE DEFENDANT:  I am pleading to the count of

23  conspiracy because I'm guilty.

24            THE COURT:  You believe you are guilty?

25            THE DEFENDANT:  I believe I'm guilty.

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1          THE COURT:  Now, your attorney, Ms. Kriger, and

2    the attorney for the government, Ms. McMillion, have given

3    me a Rule 11 Plea Agreement which we've entered into the

4    record as exhibit 3.  Did you sign that agreement?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  And is that agreement the basis on

7    which you're pleading guilty here today?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Ms. McMillion, would you state for

10   the record the terms of the plea agreement?

11         MS. McMILLION:  Yes, Your Honor.

12         As previously outlined by the Court, the count

13   of conviction to which the defendant is pleading guilty is

14   Count 1 of the indictment, charging conspiracy to possess

15   with the intent to distribute and to distribute controlled

16   substances, in violation of 21 U.S.C. 841(a)(1) and 846.

17         The elements of the offense have been outlined

18   by the Court to which defendant has agreed.  Those are set

19   forth on pages 2 through 3.

20         Turning to page 6, Your Honor, there are no

21   sentencing guidelines disputes between the parties.  The

22   defendant's guideline range is 87 to 108 months, as set

23   forth on the attached worksheets to the plea agreement.

24   That is based on criminal history category of 27 –– or I'm

25   sorry, base offense level of 27, criminal history category

          Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1    of I.

2              The Rule 11 Plea Agreement is a C plea, so the

3    government makes a non binding recommendation that the

4    sentence of imprisonment be no more than the mid point of

5    the sentencing guideline range.

6              There is a term of supervised release to follow,

7    and in this case, it is at least three years.  The defendant

8    will pay a special assessment of $100 at the time of

9    sentencing.  There is no agreement as to fines, and

10   restitution is not applicable in this case.

11             Forfeiture, there is forfeiture in this case,

12   Your Honor, as set forth in section F on pages 8 through 10.

13   The defendant has agreed to forfeit various crypto

14   currencies and cash that has been seized as proceeds of the

15   criminal conduct.  In addition to that, the defendant has

16   agreed to the entry of a personal forfeiture money judgment

17   in favor of the United States in the amount of $1.5 million.

18             As this is a C plea, the parties have agreed

19   that the recommendations in paragraph 3 are not binding on

20   the Court.

21             THE COURT:  It's a B plea.

22             MS. McMILLION:  B plea, I'm sorry.

23             THE COURT:  I was going to ask you about that

24   because you said C earlier.

25             MS. McMILLION:  B plea.  They're non binding on

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

 1   the Court.  And the defendant has no right to withdraw his

 2   guilty plea if the Court decides not to follow the

 3   agreement.

 4              The defendant's appeal waiver is outlined in

 5   Section 6 on page 13, and the defendant waives the right to

 6   appeal his conviction on any grounds if the sentence of

 7   imprisonment does not exceed 108 months.  The government

 8   also waives the right to appeal if the sentence of

 9   imprisonment is at least 87 months.  This waiver does not

10   bar the filing of any claim of ineffective assistance of

11   counsel.

12              The Court has outlined for the defendant the

13   collateral consequences of conviction with respect to right

14   to carry a firearm, serve on a jury, ability to hold certain

15   offices, and to vote.  Those are outlined on page 14,

16   section 8, as well.

17              If the Court is to accept the defendant's plea,

18   the government will dismiss all the remaining charges

19   against the defendant, and that sets forth the material

20   aspects of the Rule 11, Your Honor.

21              THE COURT:  Thank you, Ms. McMillion.

22              Anything to add to that?

23              MS. KRIGER:  No thank you, Your Honor.

24              THE COURT:  Dr. Deshikachar, do you understand

25   and agree with the terms of the plea agreement stated by the

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1    government?

2              THE DEFENDANT:  I understand, Your Honor.

3              THE COURT:  And agree?

4              THE DEFENDANT:  And agree, yes.

5              THE COURT:  Has anyone made any other or

6    different promise or assurance to you of any kind to try to

7    get you to plead guilty?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  Has anyone told you that I would be

10   easier on you, or give you a more lenient sentence if you

11   would plead guilty?

12             THE DEFENDANT:  No, Your Honor.

13             THE COURT:  Has anyone tried to force you to

14   plead guilty by any mistreatment, or pressure, or threats of

15   any kind?

16             THE DEFENDANT:  No, Your Honor.

17             THE COURT:  Are you therefore pleading guilty

18   freely and voluntarily because, in fact, you are guilty and

19   it is your choice to plead guilty?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Please tell me in your own words

22   what you did that makes you believe you're guilty of this

23   offense.

24             THE DEFENDANT:  In January of 2015 -- in or

25   around January of 2015, I made an agreement with Niesheia

Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1    Tibu in which she would recruit some patients if they
2    provided me with names of real persons and date of birth,
3    and without conducting a thorough examination, or do just a
4    cursory examination, I was paid to write the persons
5    controlled substances prescriptions, knowing that I was not
6    prescribing the medications legitimately or in good faith.
7    The controlled substances included Oxymorphone and
8    Oxycodone.  The persons for whom I wrote prescriptions would
9    then fill the prescriptions at one of preselected pharmacies
10   in Detroit whom Tibu and I knew would dispense the medically
11   unnecessary medications.
12           The pharmacies were Global Health, Precare and
13   Friendz Pharmacy.  The prescription would then be illegally
14   sold for cash on the street market.  The arrangement
15   continued until January 7 of 2018 when I left the conspiracy
16   voluntarily.
17           Throughout the three years, approximately three
18   years I participated in the scheme, I was responsible for
19   issuing 40,258 unit doses of certain specified schedule II
20   controlled substances.
21           THE COURT:  Satisfied?
22           MS. McMILLION:  Yes, Your Honor.
23           MS. KRIGER:  Satisfied, Your Honor.
24           THE COURT:  Dr. Deshikachar, I've told you what
25   your rights are and the penalty that may be imposed.  Do you

Plea Hearing
March 12, 2019

1   still want me to accept your guilty plea?

2                  THE DEFENDANT:  Yes, Your Honor.

3                  THE COURT:  Counsel, are you both satisfied the

4   Court has complied with Rule 11?

5                  MS. McMILLION:  Yes, Your Honor.

6                  MS. KRIGER:  Satisfied, Your Honor.

7                  THE COURT:  It is the finding of the Court in

8   the case of United States of America vs. Dr. Vasan

9   Deshikachar that the defendant is fully competent and

10  capable of entering an informed plea.  The defendant's plea

11  of guilty is a knowing and voluntary plea supported by his

12  own statement of facts, which contains all of the essential

13  elements of the offense.

14                 Defendant's plea is, therefore, accepted, and

15  defendant is now adjudged guilty of the offense charged in

16  Count 1 of the indictment.  The Rule 11 agreement is taken

17  under advisement, the matter is referred to Probation for a

18  presentence report, and I am setting sentencing for June 24

19  at 10:30 in the morning.

20                 MS. McMILLION:  Your Honor, if I may, with

21  respect to the sentencing date, if we could possibly get a

22  sentencing date later, maybe even in July.  We're scheduled

23  to start trial in this case as to one of the other

24  defendants on June 18.

25                 THE COURT:  Sure.

                Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar

Plea Hearing
March 12, 2019

1         MS. McMILLION:  And if we can handle sentencing

2    separate from having to be in trial on the other defendant.

3              THE CLERK:  Is July 22 a good date?

4              MS. KRIGER:  It's a good date for me, as far as

5    I know.

6              MS. McMILLION:  Yes, yes.

7              THE COURT:  We'll do it at 10:00 a.m. that day.

8              MS. KRIGER:  Okay.

9              MS. McMILLION:  Thank you.

10             THE COURT:  And I assume defendant may remain on

11   bond on the same terms and conditions?

12             MS. McMILLION:  No objections from the

13   government, Your Honor.

14             THE COURT:  All right.  Thank you.

15             MS. KRIGER:  Thank you, Your Honor.

16             THE DEFENDANT:  Thank you, Your Honor.

17             (Proceedings concluded at 11:41 a.m.)

18

19

20

21

22

23

24

25

Plea Hearing
March 12, 2019

1

2                              -   -   -

3

4                    **C E R T I F I C A T I O N**

5

6   I, Suzanne Jacques, Official Court Reporter for the United

7   States District Court, Eastern District of Michigan, Southern

8   Division, hereby certify that the foregoing is a correct

9   transcript of the proceedings in the above-entitled cause on the

10  date set forth.

11

12

13  s/Suzanne Jacques                        _10/13/2019
    Suzanne Jacques, RPR, RMR, CRR, FCRR         Date
14  Official Court Reporter
    Eastern District of Michigan
15

16                              -   -   -

17

18

19

20

21

22

23

24

25

            Case No. 18-CR-20351-04 U.S.A. vs. Deshikachar